In the Matter of the Claim of MOLLIE VANECEK, Respondent, against GREELEY SQUARE BUILDING CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decisions and awards of the Workmen's Compensation Board. Decedent fell from a ladder while engaged in his employment as a painter on March 30, 1949. He was unconscious after the fall and had a laceration on the left occipital region of the scalp. He was taken to a hospital; the scalp was sutured and the employee complained of headaches and dizziness. While in the hospital he had a "generalized seizure" in which he became unconscious for a short time with certain residual symptoms. Because of a "possibility of post-traumatic bleeding" resulting from the fall in view of the laceration of the scalp, intracranial tests were made and two exploratory operations in the cranium were performed. The first exploratory operation did not disclose evidence of hematoma. A second operation disclosed a large tumor mass which was removed and which was not the result of the accident. The post-operative result of this operation was that the patient died. Appellant argues there is no connection between the accident and the death. The first operation was clearly the result of a surgical decision to investigate and determine the extent of the traumatic injury to the head coming from the fall. It revealed no bleeding, but even then the surgeon was uncertain of the cause of the difficulty and while his written report separates the reasons for the two exploratory operations, his testimony links them together in such a way that the board could find a relation to the accident in their sequence. He testified that "because of his clinical picture, we were afraid that he might have a hemorrhage, which happens of course after head injuries. However, that was not borne out on exploration, but a tumor * * * was disclosed * * *. It was at first exploratory, and in getting in there, we found tumor". The purpose of the operation was to determine the effect of the injury, and the

surgeon conceded that death resulted from the surgery. Decisions and awards unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Deyo, Bergan and Coon, JJ.